## Moses *v.* Powers, Appellant.

*Limited partnership association—Collection of debts by retiring partner —Construction of agreement.*

Two partners in a limited partnership association purchased the interest of the third partner, and all three signed the following agreement in writing: "December 24, 1895, to go out and collect my $338.78 debts, less discount, and get two per cent for collecting and not to share any profits from to-day or losses. And as soon as it all is collected then to get from firm his said $200, less his share of the losses, out of the $338 debts; also to get $10.00, when I require it, out of my $200." The outgoing partner collected $238, and not paying it over immediately was arrested and convicted of larceny as bailee. He thereupon paid over the amount collected, and the remaining partners notified debtors not to pay to the outgoing partner, and in consequence he was unable to make further collections. He subsequently sued the remaining partners for the $200 which he was to receive. *Held*, that as defendants had prevented plaintiff from collecting the full amount agreed to be collected by him, they could not take advantage of his failure to collect, in order to prevent a recovery.

Argued Dec. 3, 1901. Appeal, No. 73, Oct. T., 1901, by defendants, from judgment of C. P. Schuylkill Co., Sept. T., 1896, No. 205, on verdict for plaintiff in case of Morris Moses v. Michael J. Powers and James Calnon. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from judgment of justice of the peace.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $265.76. Defendants appealed.

*Error assigned* was in refusing binding instructions for defendant.

*T. H. B. Lyon*, for appellants.

*W. D. Seltzer*, for appellee.

OPINION BY BEAVER, J., February 14, 1902:

The plaintiff's claim in this case is founded upon the follow-

ing agreement: " The Mahanoy City Mfg. Co., Mahanoy City, Pa., SS. December 24th, 1895, to go out and collect my $338.78 debts, less discount, and get 2% for collecting and not to share any profits from today or losses. And as soon as it all is collected then to get from firm his said $200, less his share of the losses, out of the $338 debts; also to get $10.00, when I require it, out of my $200. Signed M. J. Powers, Charles Calnon, Morris Moses."

It is admitted that Moses, the plaintiff, was the partner who was " to go out," etc. The defendant's contention is set forth in the main in the points for charge submitted at the trial: 1. That, under the terms of the agreement of December 24, 1895, there is no individual liability imposed upon the defendants; that, if the plaintiff is entitled to recover any amount whatever, it can only be recovered from the firm, the Mahanoy City Manufacturing Company, Limited. 2. That, under the law and the evidence, the verdict must be for the defendants; both of which were refused.

The agreement referred to was signed by the individual members of the partnership association then in existence. The plaintiff bargained to sell his entire interest, not to the partnership but to his other partners. This is apparent from the paper itself, but it would seem to be necessarily so, in view of the fact that, under the 1st section of the Act of June 2, 1874, P. L. 271, it requires three or more persons to form such an association. No new association was contemplated, so far as the agreement shows, and, having been signed by the individual members of the partnership association, the intention of the parties is apparent. It appeared from the evidence that the plaintiff, in accordance with the terms of the agreement, had collected a portion of the outstanding indebtedness which he bound himself to collect, amounting to $238. Holding this under a claim of right, he was indicted for larceny as bailee and, although found guilty by a jury, does not seem to have been sentenced, having paid the amount collected by him to the defendants. The defendants gave notice to the debtors of the association not to pay to the plaintiff and, in consequence, he was unable to make further collections.

Two defenses were set up: first, that the plaintiff had not collected the money agreed to be collected by him and, second,

that, although prevented from so doing by the acts of the defendants themselves, they were justified in their course for the reason that the plaintiff had not paid over to them the amount collected. In reference to this twofold defense the court below charged the jury—and this is assigned for error—that, if the plaintiff retained the money collected by him, with the knowledge that he was wrong in doing so, he could not recover; but that, if he did so, " without knowledge that he was doing wrong and on that subject he testifies to you that he had the advice of counsel and counsel told him he should keep this money, until he had collected all, . . . . then your verdict should be for the plaintiff for $200, less his share of the losses on the $338.78 debts." These are the material parts of the charge complained of, although not containing all the language of the court embraced in that portion assigned for error in the third specification.

The defendants certainly suffered no harm from what is complained of. It may be, as claimed by them, that the question of knowledge or belief of the plaintiff's right to keep the money collected by him was irrelevant and immaterial; but, if so, the defendants suffered no harm by what was said upon that subject. The defendants, having prevented the plaintiff from collecting the full amount agreed to be collected by him, under the terms of their written agreement, cannot now take advantage of the failure to collect, in order to prevent a recovery. The verdict was justified by the facts; and, upon a consideration of the charge as a whole, we find no reversible error of which the defendant can justly complain.

Judgment affirmed.